UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

NEWNAN DIVISION

CASE NO.:  3:15-cv-106-TCB

JEREMY K. DOVER,

       Plaintiff,

vs.

KEYSTONE CONTRACTORS, INC.
MARTIN MABIE.

       Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, JEREMY K. DOVER ("DOVER" OR "PLAINTIFF"), through counsel, sues Defendants, KEYSTONE CONTRACTORS, INC. ("KEYSTONE") and MARTIN MABIE, ("MABIE") (collectively, Defendants) and alleges the following:

1. This is an action for damages brought under the Fair Labor Standards Act ("FLSA").

2. This Court has supplemental jurisdiction over the pendent state law contract claim pursuant to 28 U.S.C. §1367.

1

3. Plaintiff resides in Griffin, Georgia and is a past employee of Defendants.

4. At all times material hereto, Defendant, KEYSTONE, was a domestic for profit corporation engaged in the electrical contracting business, was licensed to transact business in the State of Georgia, conducted business in Atlanta, Georgia, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant KEYSTONE was the "Employer" of Plaintiff as that term is defined under statutes referenced herein and was "Enterprise" as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more. In furtherance of said business, Defendants' employees including Plaintiff handled, or otherwise worked on goods or materials that have been moved in or produced for such commerce and further utilized equipment/tools to perform the electrical contracting which had also moved in interstate commerce.

6. At all times material hereto, Defendant, MARTIN MABIE was a resident of Brooks, Georgia and was, and now is, the managing agent, director and/or owner of Defendant, KEYSTONE CONTRACTORS, INC.; said Defendant acted and acts directly in the interests of the Defendant, KEYSTONE CONTRACTORS, INC., in relation to said co-Defendant's employees. Defendant effectively dominates KEYSTONE CONTRACTORS, INC. administratively or otherwise acts, or has the power to act, on behalf of the limited liability company vis-a-vis its employees and had the authority to direct and control the work of others. Thus, MARTIN MABIE was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and worked for Defendants as an electrician at an agreed hourly rate of $17 per hour.

8. From about October 10, 2014 to May 22, 2015, Plaintiff worked at a minimum of 40 hours per week up to 55 hours per week with Defendants deliberately short changing Plaintiff of both his straight and overtime pay.

9. Despite the Plaintiff actually beginning his work day at the Defendants' business location and duly performing activities

which were an integral part of Plaintiff's principal activities, Defendant failed to properly compensate Plaintiff for said work and excluded travel time from compensation including travel time between job sites and travel to job sites located at distant/remote locations.

10. Despite the Plaintiff actually ending his work day at the Defendants' business location and duly performing activities which were an integral part of Plaintiff's principal activities, Defendant failed to properly compensate Plaintiff for said work and excluded travel time from compensation.

11. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

12. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (ALL DEFENDANTS)

13. Plaintiff reavers and realleges paragraphs 1-12 herein.

14. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that Plaintiff is entitled to: (i) time-

and-a-half overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

15. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF ORAL CONTRACT
## (KEYSTONE CONTRACTORS, INC.)

16. Plaintiff reavers and realleges paragraphs 1-12 herein.

17. Plaintiff entered into an oral contract with Defendant for payment of wages.

18. Plaintiff worked for Defendant and did not receive the compensation promised as Defendant arbitrarily reduced Plaintiff's pay for travel time which was directly related to Defendant's business operations and requirements.

19. Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

WHEREFORE, Plaintiff demands judgment against Defendant for the

unpaid wages that are due and owing, prejudgment interest, reasonable attorney's fees and costs incurred pursuant to O.C.G.A. § 34-5-5 and any and all further relief this Court deems just and appropriate.

        Respectfully submitted,

        Loren Law Group
        100 S. Pine Island Road
        Suite 132
        Plantation, FL 33324
        Phone:        (954)585-4878
        Facsimile:  (954)585-4886
        E-Mail:    JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Bar No.: 55409