FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

DEC - 2 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

JEREMY K. DOVER,          )
                          )
            Plaintiff,    )
                          )
v.                        )      Civil Action
                          )      File No. 3:15-CV-00106-TCB
KEYSTONE CONTRACTORS,     )
INC. and MARTIN MABIE,    )
                          )
            Defendants.   )
                          )

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE OF CLAIMS

Plaintiff Jeremy K. Dover and Defendants Keystone Contractors, Inc. and Martin Mabie (collectively "Defendants"), by and through their counsel, hereby move this Court for an order approving the Settlement Agreement and Release ("Settlement Agreement") reached between the parties. A true and correct copy of the Settlement Agreement is annexed to this motion as Exhibit "A."[1] The grounds for this Motion are set forth in the accompanying Memorandum.

WHEREFORE, the parties to this action respectfully request that the Court

---

[1] Contemporaneously with this motion, the Parties are filing a Joint Motion to File Under Seal requesting that the Settlement Agreement be filed under seal.

enter an Order approving the Settlement Agreement between the parties and directing the parties to file a stipulation of dismissal with prejudice on or before five days after the settlement payment is received.

For the Court's convenience, a proposed Order approving the Settlement Agreement is attached to this Motion as Exhibit "B."

Respectfully submitted this 2nd day of December, 2015.

Submitted by:                                    Submitted by:

MOORMAN PIESCHEL, LLC                            LOREN LAW GROUP

s/ Nicholas J. Pieschel                          s/ James M. Loren
Nicholas J. Pieschel                             James M. Loren
Georgia Bar No. 579660                           Georgia Bar No. 55409
One Midtown Plaza                                100 S. Pine Island Road
Suite 1205                                       Suite 132
1360 Peachtree Street, N.E.                      Plantation, Florida 33324
Atlanta, Georgia 30309                           (954) 585-4878
(404) 898-1243                                   jloren@lorenlawgroup.com
njp@moormanpieschel.com

                                                 Attorney for Plaintiff
Attorney for Defendants                          Jeffrey K. Dover
Keystone Contractors, Inc. and
Martin Mabie

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| JEREMY K. DOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | File No. 3:15-CV-00106-TCB |
| KEYSTONE CONTRACTORS, | ) | |
| INC. and MARTIN MABIE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE OF CLAIMS was served on the below identified attorney of record by depositing a copy of same in the U.S. Mail with sufficient postage thereon to ensure delivery to:

James M. Loren
Loren Law Group
100 S. Pine Island Road
Suite 132
Plantation, Florida 33324

This 2nd day of December, 2015.

s/ Nicholas J. Pieschel
Nicholas J. Pieschel
Georgia Bar No. 579660
Attorney for Defendants

Moorman Pieschel, LLC
One Midtown Plaza
1360 Peachtree Street, NE
Suite 1205
Atlanta, Georgia 30309
Phone: (404) 898-1243
Fax:  (404) 898-1241
Email: njp@moormanpieschel.com

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

DEC - 2 2015

JAMES N. HATTEN, Clerk
By: _____
       Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| JEREMY K. DOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | File No. 3:15-CV-00106-TCB |
| KEYSTONE CONTRACTORS, | ) | |
| INC. and MARTIN MABIE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## BRIEF IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff Jeremy K. Dover ("Plaintiff") and Defendants Keystone Contractors, Inc. and Martin Mabie (collectively "Defendants") respectfully file this Brief in Support of their Joint Motion for Approval of Settlement.

### I. INTRODUCTION

In this case, Plaintiff and Defendants jointly request that the Court enter an Order approving the Settlement Agreement reached between the parties in resolution of a bona fide dispute regarding the Plaintiff's claims for wages allegedly owed to him under the Fair Labor Standards Act ("FLSA") and/or state common law breach of contract theories. The parties have carefully and

exhaustively negotiated a settlement related to this action, and they have agreed to resolve the disputed factual and legal issues on terms set forth in the Settlement Agreement submitted to the Court for review.

The parties seek Court approval of their settlement agreement because the Eleventh Circuit Court of Appeals has held that claims under the FLSA, like those settled and released by Plaintiff in the Settlement Agreement, may not be waived or released without Department of Labor or court approval. 29 U.S.C. § 216(b) and (c); *Lynn Food Stores, Inc., v. U.S.*, 679 F.2d 1350, 1355 (11ᵗʰ Cir. 1982).

The parties' settlement is a product of an arm's-length negotiation between the parties and their experienced counsel. The parties respectfully submit that the terms of the settlement are fair, reasonable, and adequate, and they resolve a bona fide dispute between the parties with respect to liability and damages.

## II. ANALYSIS AND LEGAL AUTHORITY

Under the FLSA, binding settlements of claims for unpaid wages and liquidated damage claims are permitted when the court enters a stipulated judgment upon determining that a settlement proposed by an employer and employee is a fair and reasonable resolution of a bona fide dispute. *Lynn Food Store, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11ᵗʰ Cir. 1982); *see also Silva v. Miller*,

2

307 Fed. Appx. 349, 351 (11th Cir. 2009).   In detailing the reasons for court approval, the Eleventh Circuit has reasoned that:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  *If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.*

*Lynn*, 679 F2d at 1354 (emphasis added).

## A. A Bona Fide Dispute Between the Parties Existed

Plaintiff alleged in his Complaint that Defendants failed to pay Plaintiff for overtime worked and/or compensable travel time during Plaintiff's employment with Defendants (i.e., October 10, 2014 to May 22, 2015) in violation of the FLSA and/or state common law.  Defendants have strenuously denied these allegations and believe they have strong defenses against Plaintiff's allegations.  If Plaintiff ultimately prevailed on all of his allegations, Defendants could face a monetary verdict in favor of Plaintiff, and an obligation to pay attorneys' fees and litigation

costs.  If Defendants ultimately prevailed, Plaintiff would be faced with dismissal of his claims, no recovery of any kind, and could have to pay certain costs.  And, regardless of the outcome, both sides would incur substantially more in attorney time and fees and costs of litigation than the wages Plaintiff claims in this case.

Accordingly, the Court should conclude that a bona fide dispute between the parties exists.

**B.** **The Proposed Settlement is a Fair and Reasonable Resolution of the Parties' Claims and Defenses**

The settlement of the instant action is appropriate for Court approval because it is fair, reasonable, and adequate.  The proposed Settlement Agreement arises out of an action brought by an individual Plaintiff against his former employer, for whom he worked for only 8 months, which was adversarial in nature.  The proposed Settlement Agreement ultimately reached was the product of substantial arm's-length negotiations between the parties, facilitated by experienced counsel.  The proposed settlement reflects a reasonable compromise regarding bona fide disputes between the parties regarding the questions of liability and the amount, if any, of alleged damages under the FLSA or state law breach of contract theories.  The parties recognize that there is a risk that Plaintiff could receive nothing, or a small amount, due to Defendants' defenses.

4

Here, the proposed settlement provides relief to Plaintiff and eliminates the inherent risk both sides would bear if this litigation were to continue. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *Lynn*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Further, the parties agree that the settlement is fair, just, and adequate to settle the claims of Plaintiff. The endorsement of the Settlement Agreement by counsel for both parties is a "factor that weighs in favor or approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanilla v. A&R Demolition, Inc.*, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008). Here, Plaintiff's counsel is fully aware of the factual contentions of his client and is in the best position to opine as to whether this settlement produces fair results after consideration of risks. Plaintiff's counsel has concluded that a settlement with Defendants on the terms set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interest of Plaintiff.

The Plaintiff worked for the Defendants for approximately 8 months. And, the gist of his claim is that he was not paid for compensable travel time during his

5

employment with Defendants. Defendants have thoroughly reviewed their records of the time worked by Plaintiff during his employment including his travel time as well as their records of the wages paid to Plaintiff and dispute that Plaintiff is owed any wages. Nevertheless, Defendants have agreed to a settlement amount that is sufficient to compensate Plaintiff for a significant portion of the wages he claims as well as his attorney's fees and expenses of litigation.

Plaintiff's counsel's attorneys' fees were determined before the start of the litigation via a written contingent fee agreement with Plaintiff. Plaintiff's counsel did not negotiate with Defendant over their attorneys' fees; therefore, there was no potential conflict between Plaintiff and his counsel during the settlement negotiation regarding how the funds would be apportioned as between the firm and its client.

## III. **CONCLUSION**

The settlement is the product of contested litigation, Plaintiff is represented by competent and experience counsel, and the Settlement Agreement reflects a reasonable compromise over disputed issues. The Settlement Agreement's provisions are fair and reasonable.

WHEREFORE, the parties respectfully request that this Court enter an Order approving the Settlement Agreement and directing the parties to file a stipulation of dismissal with prejudice on or before 5 days after the settlement payment is received.

Respectfully and jointly submitted this 2nd day of December, 2015.

Submitted by:                                    Submitted by:

MOORMAN PIESCHEL, LLC                 LOREN LAW GROUP

s/ Nicholas J. Pieschel                           s/ James M. Loren
Nicholas J. Pieschel                               James M. Loren
Georgia Bar No. 579660                        Georgia Bar No. 55409
One Midtown Plaza                               100 S. Pine Island Road
Suite 1205                                            Suite 132
1360 Peachtree Street, N.E.                   Plantation, Florida 33324
Atlanta, Georgia 30309                         (954) 585-4878
(404) 898-1243                                     jloren@lorenlawgroup.com
njp@moormanpieschel.com

                                                         Attorney for Plaintiff
Attorney for Defendants                       Jeffrey K. Dover
Keystone Contractors, Inc. and
Martin Mabie

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| JEREMY K. DOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | File No. 3:15-CV-00106-TCB |
| KEYSTONE CONTRACTORS, | ) | |
| INC. and MARTIN MABIE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing BRIEF IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT was served on the below identified attorney of record by depositing a copy of same in the U.S. Mail with sufficient postage thereon to ensure delivery to:

> James M. Loren
> Loren Law Group
> 100 S. Pine Island Road
> Suite 132
> Plantation, Florida 33324

This 2nd day of December, 2015.

s/ Nicholas J. Pieschel
Nicholas J. Pieschel
Georgia Bar No. 579660
Attorney for Defendants

Moorman Pieschel, LLC
One Midtown Plaza
1360 Peachtree Street, NE
Suite 1205
Atlanta, Georgia 30309
Phone: (404) 898-1243
Fax:  (404) 898-1241
Email: njp@moormanpieschel.com